IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ALEXANDRA JANE BEACH,** a minor, by and through her parents and next friends Sally and Brian Beach, 15121 Hunter Mountain Lane, Silver Spring, MD  20906, <br><br> and <br><br> **SALLY AND BRIAN BEACH,** 15121 Hunter Mountain Lane, Silver Spring, MD  20906, <br><br>     Plaintiffs, <br><br>     v. <br><br> **MONTGOMERY COUNTY PUBLIC SCHOOLS**, 850 Hungerford Drive, Rockville, MD 20850 <br><br> and <br><br> **JERRY D. WEAST** (Officially as), Superintendent, 850 Hungerford Drive, Rockville, MD 20850 <br><br>     Defendants. | <br><br><br><br><br><br><br><br> **Civil Action No. _____** |

## COMPLAINT

### Jurisdiction

1. This Court has jurisdiction pursuant to the Individuals with Disabilities Education

1

Act ("IDEA"), 20 U.S.C. §§ 1400-1461; the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; "Section 1983," 42 U.S.C. § 1983; 28 U.S.C. §§ 1331 and 1343.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.  The Court has pendant jurisdiction pursuant to Md. Code Ann., Education §§ 8-401 *et seq.*, (1992).

## Parties

2.  Alexandra Jane Beach ("Alexandra") is a disabled child who is eligible for special education from defendants as required by the IDEA.  Her parents Sally and Brian Beach, bring this action on Alexandra's behalf and in their own right.

3.  Montgomery County Public Schools is a local educational agency as defined by 20 U.S.C. § 1401 and, as such, receives financial assistance from the United States Department of Education.

4.  Jerry D. Weast is the Superintendent of Montgomery County Public Schools (collectively with the Montgomery County Public School Systems as "MCPS" or "school system"), the agency charged with providing special education and due process of law to disabled children. He is sued in his official capacity.

## Factual Allegations

5.  A due process hearing request was filed by the parents on the behalf of Alexandra on or about February 20, 2004, seeking a determination that during the 2003-2004 school year defendants denied Alexandra a free appropriate public education as required by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.,* and Maryland law.  As and

2

for relief the parents sought reimbursement for Alexandra's placement at the Lab School of Washington (the "Lab School")[1].

6. An administrative due process hearing was held before Administrative Law Judge Thomas G. Welshko ("ALJ Welshko") on March 30, March 31, April 28, May 13, June 2, June 3, June 9 and June 22, 2004.

7. On July 9, 2004, ALJ Welshko rendered his determination, which found:

    a. The defendants failed to have an IEP in place for Alexandra at the beginning of the 2003-2004 school year, which constituted a denial of a free appropriate public education as required by law;

    b. The IEP proposed by the school system for the 2003-2004 school year was not appropriated and did not afford Alexandra a free appropriate public education;

    c. Alexandra's placement at the Lab School of Washington has provided her with educational opportunity;

    d. The parents are entitled to reimbursement for the funds expended for Alexandra's placement at the Lab School of Washington for the 2003-2004 school year.

Decision of ALJ Welshko, pp. 49-50, attached hereto as Exhibit One.

---

[1] The Office of Administrative Hearings assigned case number MSDE-MONT-OT-04-09602.

## Attorneys' Fees and Expert Witness Fees

8. The plaintiffs are the prevailing party as defined by 20 U.S.C. § 1415(i)(3)(B) and applicable case law.

9. As the prevailing party, the plaintiffs are entitled to reimbursement by the defendants for attorneys' fees and costs expended in this matter.

10. The costs expended in this matter include expert witnesses fees in the amount of Eleven Thousand Three Hundred Sixty-two dollars and 00/100 ($11,362.00).

11. The attorneys' fees expended in relationship to the due process hearing are Forty-one thousand, three hundred seventy-five dollars and 02/100 ($41,375.02).

12. On or about August 23, 2004, the school system was provided with a statement detailing the attorneys' fees and expert witness fees incurred in relationship to the due process hearing, a copy of which is attached hereto and incorporated herein as Exhibit Two.

13. To date, the school system has not made any payments for the attorney fees or expert witness fees incurred.

14. These fees are reasonable and consistent with the prevailing rate in the community.

15. The hourly rates sought are those that the plaintiffs were charged, and consistent with those that the defendants are paying to their counsel in similar matters.

16. The hourly rates sought by the expert witnesses are reasonable and consistent with those of similarly qualified individuals in the community.

17.     The fees incurred by the plaintiffs for the expert witnesses were necessary in order to prevail in the due process hearing.

### Reimbursement for Tuition

18.     The parents have incurred Twenty seven thousand fifty-five dollars ($27,055.00) as and for Alexandra's tuition and related services at the Lab School for the 2003-2004 school year.  Exhibit Two.

19.     The school system has not reimbursed the parents for the tuition and related services incurred for Alexandra's placement at the Lab School for the 2003-2004 school year as ordered by ALJ Welshko.

20.     To date, the plaintiffs have not been able to resolve these matters amicably with the school system.

### COUNT I

21.     Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 21.

22.     ALJ Welshko's determination entitles the plaintiffs to reimbursement of fees and costs from the defendants in accordance with 20 U.S.C. § 1415(i)(3).

### COUNT II

23.     Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 21.

24.     ALJ Welshko's determination entitles the plaintiffs to reimbursement of expert

5

witness fees and costs from the defendants in accordance with 20 U.S.C. § 1415(i)(3).

## COUNT III

25.     Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 21.

26.     ALJ Welshko's determination entitles the plaintiffs to reimbursement of tuition and relates services for Alexandra's placement at the Lab School during the 2003-2004 school year.

WHEREFORE, plaintiffs respectfully request that this Court:

1.     Issue judgment for plaintiffs and against defendants representing attorneys' fees in the amount of Forty-one thousand, three hundred seventy-five dollars and 02/100 ($41,375.02);

2.     Issue judgment for plaintiffs and against defendants representing expert witness fees in the amount of Eleven Thousand Three Hundred Sixty-two dollars and 00/100 ($11,362.00);

3.     Issue an order requiring defendants to fully reimburse plaintiffs' attorneys' fees, expert witness fees, and costs, including the fees and costs of this action;

4.     Issue judgment for plaintiffs and against the defendants for tuition and related services at the Lab School of Washington for the 2003-2004 school year in the amount of Twenty seven thousand fifty-five dollars ($27,055.00);

5.     Award any other relief that this Court deems just.

Respectfully submitted,


_____/s/_____
Julie A. Starbuck #23079


_____/s/_____
Holly L. Parker # 13302
Parker & Starbuck, P.C.
10722 Lexington Street
Kensington, MD   20895
(301) 929-5900

7